IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

AVCON INTERNATIONAL, LLC,
a New Jersey limited liability company,

        Plaintiff,

v.                            CIVIL ACTION NO. 5:04-0359

ALBATROSS AIR, INC.,
a West Virginia corporation,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a motion for summary judgment by Plaintiff Avcon International, LLC. Upon review of the arguments by the parties, the Court **GRANTS, in part, and DENIES, in part** the motion for the following reasons.

**I.
FACTS**

Plaintiff was the owner of a 1986 Piper Malibu aircraft. On or about October 13, 2002, Plaintiff's aircraft had a "hard landing" at the Raleigh County Airport at or near Beaver, West Virginia, and needed its right main tire repaired. Defendant Albatross Air, Inc. is based at the airport and provides aircraft maintenance. Joseph Smith, a mechanic for Defendant, took apart the aircraft's wheel assembly and then realized he did not have any 8-ply tires, as required by the aircraft's Pilot's Operating Handbook. To get the aircraft off the runway, Defendant asserts that Mr. Smith placed a 6-ply tire on the aircraft and towed it back to his shop. Once he returned to the shop, Mr. Smith states that he found the left tire also was damaged and needed replaced.

Mr. Smith asserts that the next day he told the pilot, Larry Stanley, that he did not have 8-ply tires to put on the plane. Mr. Smith states that Mr. Stanley told him that he needed to leave and could not wait for him to obtain the proper tires. Therefore, Mr. Stanley returned the aircraft to service with two 6-ply tires and noted in the aircraft's maintenance logbook that 6-ply tires were used. Mr. Stanley further asserts that he told Mr. Stanley that he should replace the tires once he got home. However, Mr. Stanley states that he and Mr. Smith never had a discussion about the tire ply or that he needed to replace the tires. Unfortunately, the tires were not replaced and, after about ten landings, the aircraft skidded off a runway and suffered damage. At first, this accident was attributed to an icy runway but, after the aircraft skidded uncontrollably during a subsequent landing, it was discovered that the wrong ply tires were on the plane. Thereafter, the Federal Aviation Administration attributed both accidents to the improper tires.

## II.
## STANDARD OF REVIEW

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete

evidence from which a reasonable juror could return a verdict in . . . [its] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of its case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

## III.
## DISCUSSION

In this case, Plaintiff argues that it is entitled to summary judgment because Defendant has not disclosed any expert witness who will dispute Plaintiff's expert who found the accident was caused by the improper replacement of the tires. In response, Defendant does not dispute that the tires caused the accident. However, Defendant argues that questions of negligence and comparative fault remain at issue because there is a factual dispute over whether Mr. Smith told Mr. Stanley about the tires and the need to replace them as soon Mr. Stanley returned home.[1] Upon review, the Court agrees with Defendant that the issues of negligence and comparative fault are disputed and, therefore, summary judgment would be improper on these issues. However, to the extent Plaintiff moves for summary judgment on the issue of whether the improper tires were the cause of the accidents, that issue appears undisputed and summary judgment is appropriate.

## IV.
## CONCLUSION

---

[1] Moreover, Defendant contends that, even if Mr. Stanley was not told about the tires, he is charged under the Federal Aviation Regulations with knowing, inter alia, the contents of the Pilot's Operating Handbook and with knowledge of the maintenance manual and accompanying logbook entries.

Accordingly, the Court **GRANTS, in part,** summary judgment to the extent that Plaintiff seeks to establish that the improper tires were the cause of the accidents, but the Court **DENIES, in part,** the motion to the extent that questions of negligence, comparative fault, and damages remain at issue.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 7, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE