IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

AVCON INTERNATIONAL, LLC,
a New Jersey limited liability company,

        Plaintiff,

v.    CIVIL ACTION NO. 5:04-0359

ALBATROSS AIR, INC.,
a West Virginia corporation,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Second Motion for Summary Judgment filed by Plaintiff Avcon International, LLC. Defendant Albatross Air, Inc. filed a response in opposition to the motion. For the following reasons, the Court agrees with Defendant and **DENIES** Plaintiff's motion.

The facts of this case are set forth in the Court's previous Memorandum Opinion and Order entered on September 7, 2005. In that Order, the Court denied Plaintiff's Motion for Summary Judgment, finding that a genuine issue of material fact existed as to negligence and comparative fault. In the current motion, Plaintiff asserts that summary judgment is now appropriate based upon the deposition of Joseph Wayne Smith, the mechanic who installed the wrong ply tires of Plaintiff's aircraft. In support of their motion, Plaintiff cites *Jarmuth v. Aldridge*, 747 N.E.2d

1014 (Ill. App. Ct. 2001), and federal regulations,[1] which Plaintiff asserts gives it the right to delegate its maintenance duty to be performed by licensed professionals. Plaintiff claims that it is exactly what happened here when it delegated its responsibility to Mr. Smith and, therefore, Defendant is totally responsible for Plaintiff's loss. However, as noted by Defendant in its response, the Illinois court in *Jarmuth* recognized that, if an aircraft owner has delegated his maintenance "duty in compliance with federal regulations, he cannot be held liable *unless he knew or should have known of a defect or deficiency left unrepaired.*" 747 N.E.2d at 1019 (emphasis added). As stated in the Court's previous Order, this question is precisely the one at issue here, that is, whether or not Mr. Smith told the owner of the plane, Larry Stanley, that the tires were the wrong ply and needed to be replaced upon his return home.

Plaintiff argues that this inquiry is unimportant because Mr. Smith did not say during his deposition that he told Mr. Stanley that the plane was not "airworthy." Although Mr. Smith may have not used that precise word, the Court notes that Mr. Smith indicated during his deposition that he told Mr. Stanley he did not have the right ply tire to put on the airplane and that he advised Mr. Stanley to change the tires when he returned home. Plaintiff responds by stating that it defies logic that he would have continued to fly the plane if he had known the tires were wrong. However, this argument, together with the issues of negligence and comparative fault, are ones for the jury to decide. Accordingly, for the reasons stated above and in the Court's previous Memorandum Opinion and Order, the Court **DENIES** Plaintiff's Second Motion for Summary Judgment.

---

[1]*Citing* 14 C.F.R. §§ 91.403 and 91.405.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:      December 5, 2005

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE